**John L. McClain and Associates**
PO Box 123
Narberth, PA 19072

Phone: (215) 893-9357
Bar Number: 56081

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| IN RE: | Ray A. Williams | § | CASE NO | **15-16053 mdc** |
| | xxx-xx-6983 | § | | |
| | Yoland P. Williams | § | CHAPTER | **13** |
| | xxx-xx-0454 | § | | |
| | *Debtor(s)* | § | | |

*AMENDED 9/6/2016*
### CHAPTER 13 PLAN

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COME NOW, Ray A. Williams and Yoland P. Williams, Debtors herein, and propose the following plan under Chapter 13 of the Bankruptcy Code:

1. The debts of DEBTOR(S) duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of Chapter 13 of the Bankruptcy Code and this Plan.

2. The future earnings of DEBTOR(S) are submitted to the supervision and control of this Court, and DEBTOR(S) shall pay to the TRUSTEE a VARIABLE amount each month. Please refer to EXHIBIT "B" for a VARIABLE payment schedule. Payments shall commence on __September 24, 2015__ and shall continue at the intervals and in the amounts indicated on EXHIBIT "B".

3. From the payments received, the TRUSTEE will make disbursements in the following order:

    (a). **Administrative Expenses:** The TRUSTEE shall FIRST pay the expenses as prescribed by the Court, for administration of this plan.

| Name of Creditor | Type | Amount | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| John L. McClain and Associates | Attorney Fees | $5,000.00 | 0% | First Funds | | $5,000.00 |

    (b). **Priority Claims:** All Claims entitled to priority under Section 507 of the Bankruptcy Code will be paid as follows:

| Name of Creditor | Claim Amount | Amount Entitled To Priority | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| IRS | $5,547.35 | $5,547.35 | 0% | Pro-Rata | 1-60 | $5,547.35 |
| Pennsylvania Department of Rev | $2,514.14 | $2,514.14 | 0% | Pro-Rata | 1-60 | $2,514.14 |

    (c). **Secured Claims:** Secured creditors, whose claims are duly and timely filed, approved and allowed will be treated as follows:

    (1). **Valuation of Collateral:** The Creditors listed below have a claim secured by a lien on the collateral shown and the claim of each creditor is secured to the extent of the fair market value of such property. The value of such creditor's interest in such collateral is as set forth hereinbelow and such fair market value set hereinbelow is binding as to each such creditor. Pursuant to the Bankruptcy Code, the Debtor(s) ask the Court to value the collateral shown as indicated below and to determine what portion, if any, of the following claim or claims are secured and what portions are unsecured. The purpose of this plan provision and valuation is to clearly provide that once Debtor(s) have paid such fair market value through the TRUSTEE, the lien of each such secured creditor shall be deemed invalid and, at such time, each creditor shall immediately execute and deliver any and all necessary documents to effectuate release of such lien and delivery of an unencumbered title to the Debtor(s).

| Name of Creditor | Collateral Description | Fair Market Value |
|---|---|---|
| Consumer Portfolio Svc | 2010 Infinity | $20,641.00 |

*\* Variable payments are scheduled, please see Pro Forma, if attached.*

(H) **Ray A. Williams**
(W) **Yoland P. Williams**
(C#) **15-16053 mdc**

<u>**CHAPTER 13 PLAN**</u>                                                                                           *Page 2*

Each secured creditor described herein shall retain the lien existing prior to the commencement of the case only to the extent of the value of the collateral and to secure payment of the allowed amount of its claim. In the case of each secured creditor listed in this section, the allowed amount is the fair market value set forth herein. Once the allowed secured amount has been satisfied through the Plan, the creditor's lien will have been satisfied in full and the lien will no longer exist. Upon payment of the secured portion of a creditor's claim, the creditor shall immediately release its lien and deliver clear title to the Debtor(s).

**(2). <u>Payment of Secured Claims:</u>** Secured creditors, whose claims are duly and timely filed, approved and allowed, will be paid as follows:

| Name of Creditor | Amount Claimed | Principal Amt | | Monthly | | |
|---|---|---|---|---|---|---|
| Collateral | Value of Collat. | to Be Paid | Interest Rate | Payment | Term | Total Paid |
| Bristol Township inlcudes 10% | $3,050.31 | $3,050.31 | 0% | Pro-Rata | 1-60 | $3,050.31 |
| 2345 Dixon Ave, Croydon, PA | $0.00 | | | | | |
| Consumer Portfolio Svc | $19,509.11 | $19,509.11 | 3.5% | Pro-Rata | 1-60 | $21,988.49 |
| 2010 Infinity | $20,641.00 | | | | | |
| Nationstar Mortgage | $39,781.27 | $39,781.27 | 0% | Pro-Rata | 1-60 | $39,781.27 |
| 2345 Dixon Ave, Croydon, PA | $39,781.27 | | | | | |
| Nationstar Mortgage Post Petit | $14,943.74 | $14,943.74 | 0% | Pro-Rata | 1-60 | $14,943.74 |
| 2345 Dixon Ave, Croydon, PA | $14,943.74 | | | | | |
| Pennsylvania Department of Rev | $1,044.27 | $1,044.27 | 0% | Pro-Rata | 1-60 | $1,044.27 |
| TaxLien | $0.00 | | | | | |

**(3). <u>Void Lien:</u>** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor(s) exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph (e) below:

| Name of Creditor | Collateral Description | Amount of Claim |
|---|---|---|

**(d). <u>Special Class:</u>** The following specially classified claims shall be paid as follows:

| Name of Creditor | Claim Amount | Principal Amt. To Be Paid | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|

**(e). <u>Unsecured Claims:</u>** Unsecured claims will be paid pro rata by the TRUSTEE after payment of the aforementioned categories, to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court, with such payments or dividends to be paid in lieu of the debt and in satisfaction of the debts of such creditors.

**(f).** No interest, penalty or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on claims to fully secured creditors in accordance with 11 U.S.C. § 506(b).

**4.** DEBTOR(S) shall pay direct the following debts outside the Plan:

| Name of Creditor | Collateral Description | Monthly Amount | Balance |
|---|---|---|---|
| Nationstar Mortgage | 2345 Dixon Ave, Croydon, PA | $1,693.36 | $262,957.37 |

**5.** The following secured claims are not dealt with in the DEBTOR(S)' plan, therefore, upon confirmation of the DEBTOR(S)' Chapter 13 Plan, the automatic stay provisions of 11 U.S.C. § 362 will be terminated and annulled with respect to each of the following claims:

| Name of Creditor | Collateral Description | Claim | Value | Deficiency |
|---|---|---|---|---|

The automatic stay provisions of 11 U.S.C. Sec. 362 remain in effect as to DEBTOR(S).
The remaining portion of the debt (deficiency), if any, shall be treated as any other general unsecured claim under this plan.

**6.** All executory contracts of the DEBTOR(S) will be assumed unless specifically rejected herein. The following executory contracts and/or leases are ASSUMED or REJECTED as indicated below:

| Name of Creditor | Contract is Assumed/Rejected |
|---|---|

*\* Variable payments are scheduled, please see Pro Forma, if attached.*

Case 15-16053-mdc    Doc 40    Filed 09/06/16    Entered 09/06/16 09:21:05    Desc Main
Document    Page 3 of 4

09/06/2016 09:18:29am

(H) **Ray A. Williams**
(W) **Yoland P. Williams**
(C#) **15-16053 mdc**

CHAPTER 13 PLAN

*Page 3*

7. Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S).

8. The Court may, from time to time, during the period of the plan, extend, increase or reduce the amount of any of the installments provided for by the plan, or extend or shorten the time for any such payments where it shall be made to appear, after such hearing, upon such notice as the Court may designate, that the circumstances of DEBTOR(S) so warrant or so require; provided, however, that nothing in this plan shall be construed to prevent the granting of a discharge of DEBTOR(S) as provided in 11 U.S.C. § 1328.

9. **Post-Confirmation Cure or Waiver of Default:**
Any default of the DEBTOR'S post-confirmation plan payments may only be WAIVED by compliance with the provisions of 11 U.S.C. § 1329. Any default of post-confirmation plan payments may only be CURED by permission of the Standing Chapter 13 Trustee and compliance with such conditions as the TRUSTEE may impose.

10. **Post-Petition Claims:**
The DEBTOR(S) will not incur any post-petition consumer debt except after notice to creditors and approval by the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

## Additional Provisions of the Plan

**Prior Discharge**

Prior discharge within less than four years. Debtors not entitled to discharge

**Funding of Step Plan**

Debtors will be able to fund step plan since Daughter will be finished school and will be employed.

DATED on this the __6th__ day of __September__, __2016__.

                                                            /s/ Ray A. Williams
                                                            Debtor:  **Ray A. Williams**

**John L. McClain and Associates**

                                                            /s/ Yoland P. Williams
                                                            Debtor:  **Yoland P. Williams**

 /s/ John L. McClain
**John L. McClain**
Bar Number:  56081
PO Box 123
Narberth, PA 19072

Phone:  (215) 893-9357          Fax:  (888) 857-1967

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

IN RE: **Ray A. Williams**　　　　　　　　　　　　　　　　　　　CASE NO **15-16053 mdc**
**Yoland P. Williams**
*Debtor(s)*　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 09/24/2015 | $640.00 | 21 | 05/24/2017 | $640.00 | 41 | 01/24/2019 | $3,084.00 |
| 2 | 10/24/2015 | $640.00 | 22 | 06/24/2017 | $640.00 | 42 | 02/24/2019 | $3,084.00 |
| 3 | 11/24/2015 | $640.00 | 23 | 07/24/2017 | $640.00 | 43 | 03/24/2019 | $3,084.00 |
| 4 | 12/24/2015 | $640.00 | 24 | 08/24/2017 | $640.00 | 44 | 04/24/2019 | $3,084.00 |
| 5 | 01/24/2016 | $640.00 | 25 | 09/24/2017 | $640.00 | 45 | 05/24/2019 | $3,084.00 |
| 6 | 02/24/2016 | $640.00 | 26 | 10/24/2017 | $640.00 | 46 | 06/24/2019 | $3,084.00 |
| 7 | 03/24/2016 | $640.00 | 27 | 11/24/2017 | $640.00 | 47 | 07/24/2019 | $3,084.00 |
| 8 | 04/24/2016 | $640.00 | 28 | 12/24/2017 | $640.00 | 48 | 08/24/2019 | $3,084.00 |
| 9 | 05/24/2016 | $640.00 | 29 | 01/24/2018 | $640.00 | 49 | 09/24/2019 | $3,084.00 |
| 10 | 06/24/2016 | $640.00 | 30 | 02/24/2018 | $640.00 | 50 | 10/24/2019 | $3,084.00 |
| 11 | 07/24/2016 | $640.00 | 31 | 03/24/2018 | $640.00 | 51 | 11/24/2019 | $3,084.00 |
| 12 | 08/24/2016 | $640.00 | 32 | 04/24/2018 | $640.00 | 52 | 12/24/2019 | $3,084.00 |
| 13 | 09/24/2016 | $640.00 | 33 | 05/24/2018 | $640.00 | 53 | 01/24/2020 | $3,084.00 |
| 14 | 10/24/2016 | $640.00 | 34 | 06/24/2018 | $3,084.00 | 54 | 02/24/2020 | $3,084.00 |
| 15 | 11/24/2016 | $640.00 | 35 | 07/24/2018 | $3,084.00 | 55 | 03/24/2020 | $3,084.00 |
| 16 | 12/24/2016 | $640.00 | 36 | 08/24/2018 | $3,084.00 | 56 | 04/24/2020 | $3,084.00 |
| 17 | 01/24/2017 | $640.00 | 37 | 09/24/2018 | $3,084.00 | 57 | 05/24/2020 | $3,084.00 |
| 18 | 02/24/2017 | $640.00 | 38 | 10/24/2018 | $3,084.00 | 58 | 06/24/2020 | $3,084.00 |
| 19 | 03/24/2017 | $640.00 | 39 | 11/24/2018 | $3,084.00 | 59 | 07/24/2020 | $3,084.00 |
| 20 | 04/24/2017 | $640.00 | 40 | 12/24/2018 | $3,084.00 | 60 | 08/24/2020 | $3,084.00 |